QING LIN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–3027–ag.

United States Court of Appeals, Second Circuit.

Dec. 29, 2006.

Benjamin B. Xue, New York, NY, for Petitioner.

Craig S. Morford, United States Attorney, Middle District of Tennessee, Blanche B. Cook, William Cohen, Assistant United States Attorneys, Nashville, TN, for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Qing Lin, a native of China, seeks review of a June 5, 2006 order of the BIA

summarily affirming immigration judge ("IJ") Jeffrey S. Chase's November 12, 2004 decision denying Lin's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that he had filed a frivolous application for asylum. *In re Qing Lin,* No. A77 713 661 (B.I.A. June 5, 2006), *aff'g* A77 713 661 (Immig. Ct. N.Y. City Nov. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Lin is challenging the denial of relief in "asylum-only" proceedings, as opposed to an actual removal order, this Court nonetheless has jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 135 (2d Cir.2006). Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, the IJ was reasonable in relying on the numerous inconsistencies between Lin's hearing testimony and his fourth application in finding him not credible. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.

2000). The discrepancies related to the essential elements of Lin's claim, *i.e.,* the birth of their second child in hiding, his altercation with birth control officials, and his wife's forcible sterilization. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). The IJ was also reasonable in rejecting Lin's explanations for these inconsistencies, as his repeated statements that he did not remember specific details and that he did not think relevant information was important would not compel a reasonable adjudicator to accept his attempts at resolution. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). The IJ's denial of asylum was thus appropriate. Because the only evidence of a threat to Lin's life or freedom depended upon the petitioner's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003). Because the petitioner has failed to sufficiently argue the merits of the IJ's denial of CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Petitioner also challenges the finding that his application was frivolous. An asylum application is frivolous if any of its material elements is deliberately fabricated. 8 C.F.R. § 1208.2. In *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006), this Court remanded the case to the BIA for it to establish a standard under which to evaluate whether a claim was frivolous. Without these standards, it is difficult for us to evaluate the IJ's decision in this case. Therefore, we grant Lin's petition in part and remand the case to the BIA to reconsider the frivolousness finding, using standards developed in response to *Liu.*

For the foregoing reasons, we GRANT the petition in part, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.